86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Levette KENDRICK, Jr., Defendant-Appellant.
 No. 95-2012.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1996.
 
 Before: JONES, NELSON, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a criminal sentence that reflects a four-level upward adjustment in the defendant's offense level pursuant to U.S.S.G. § 2K2.1(b)(5). The defendant, who pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), denies having used the firearm in a felony assault. The district court found as a fact that the firearm was used in such an assault, and the offense level was increased on that basis. Concluding that the court's finding was not clearly erroneous, we shall affirm the sentence.
 
 
 2
 * In the early hours of February 4, 1995, defendant Walter Kendrick, a convicted felon, allegedly asked a woman named Nikeyia Sanders, who was leaving a house party, to give him a ride home. Ms. Sanders refused. The defendant, according to Ms. Sanders, then threatened to shoot a tire of her car if she persisted in her refusal. She did, and the defendant was said to have made good on the threat. The defendant began to walk away but turned back when Ms. Sanders started cursing him. After a heated exchange, according to Ms. Sanders, the defendant fired three or four shots in her direction. The house was behind her, so the bullets might have been expected to lodge in the house.
 
 
 3
 Police Officer Brian Smit responded to a call about the incident. The officer testified that the left front tire of Ms. Sanders' car appeared to have been shot out. Upon searching the area around the vehicle, Officer Smit recovered a spent .380 shell casing. Ms. Sanders did not tell the officer that the bullets fired toward her would have hit the house, and he apparently did not look for bullets.
 
 
 4
 After Ms. Sanders picked Mr. Kendrick's picture out of a photospread, police officers executed a search warrant at Kendrick's residence and found a Lorcin .380 semi-automatic pistol hidden there. Ms. Sanders testified that the handgun was similar to the one fired on February 4. Tests indicated that the shell casing found near Ms. Sanders' vehicle could have came from Kendrick's gun, but an absolute match could not be confirmed.
 
 
 5
 The defendant subsequently pleaded guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At his sentencing hearing the defendant acknowledged that the seized pistol was his, but he denied Ms. Sanders' claims across the board. Finding Ms. Sanders' testimony more credible than the defendant's, the court increased the defendant's offense level by four on the ground that the defendant had used the firearm "in connection with another felony offense" (i.e., shooting toward Ms. Sanders). U.S.S.G. § 2K2.1(b)(5). The district court also gave the defendant a three-level downward adjustment for acceptance of responsibility.
 
 II
 
 6
 Under 18 U.S.C. § 3742(e), "[t]he court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous...." See United States v. Ivery, 999 F.2d 1043, 1045 (6th Cir.1993). Such factual findings need only be established by a preponderance of the evidence. Id; United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994).
 
 
 7
 The defendant challenges the district court's factual finding on the grounds that only one shell casing was recovered from the scene; that the firearms expert could not absolutely match the casing to the defendant's gun; that because the defendant lived near the scene of the incident, he would not have needed a ride home; and that Ms. Sanders never told Officer Smit that she had been aided by someone from inside the house, although she testified to that effect at sentencing.
 
 
 8
 We do not find the defendant's challenge persuasive. The district judge had to decide whether it was Ms. Sanders who was telling the truth or the defendant, and we are in no position to second-guess the judge's credibility determination. The judge who actually heard the testimony is best able to make such determinations.
 
 
 9
 The defendant denied having been present at all, moreover, yet the person whose picture was selected by Ms. Sanders as that of the shooter proved to be in possession of a weapon for which the cartridges were of the same size as the spent round found at the scene of the shooting incident. This circumstance provides support for the district court's finding, because it suggests that the defendant was in fact present and did in fact shoot out the tire. If the defendant was untruthful on this score, it is not unreasonable to surmise that he was also untruthful when he denied having fired in the direction of Ms. Sanders.
 
 
 10
 AFFIRMED.